# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAD STEVEN DUGGINS,<br><br>　　　　Defendant. | Case No.  1:22-mj-00112-SAB-1<br><br>ORDER GRANTING MOTION TO RESTORE COMPETENCY AND ORDERING DEFENDANT COMMITTED TO CUSTODY OF ATTORNEY GENERAL<br><br>(ECF No. 14) |

## I.

## BACKGROUND

On July 7, 2022, a criminal complaint was filed against Chad Steven Duggins ("Defendant") charging him with building, attending, maintaining, or using a campfire without removing all flammable material from around the campfire to prevent its escape, in violation of 36 C.F.R. § 261.5(f).  (ECF No. 1.)  Defendant was arrested on July 10, 2022, and made an initial appearance on July 11, 2022.  (ECF Nos. 5, 6.)  A detention hearing was held on July 14, 2022, and Defendant was ordered detained.  (ECF No. 8.)  Status conferences were held on July 26, 2022, and August 22, 2022.  (ECF Nos. 12, 13.)  A further status conference was set for September 7, 2022.  (ECF No. 13.)

On September 7, 2022, Defendant filed a motion to restore competency, that was heard at the September 7, 2022 status conference.  (ECF No. 14.)  On September 7, 2022, Jeffrey Spivak

1   appeared on behalf of the Government, and Reed Grantham appeared on behalf of the Defendant,

2   who was present via video.

**II.**

**DISCUSSION**

1.   Legal Standards

The Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4248 addresses the mental competency of a defendant.  Section 4241 provides that any time after commencement for prosecution of an offense and prior to sentencing, the defendant or counsel for the Government can file a motion for a hearing to determine the defendant's mental competency.  18 U.S.C. § 4241(a).  The court can order on its own a competency hearing where there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to properly assist in his defense.  18 U.S.C. § 4241(a).

The statute provides that prior to the hearing, the court may order a psychological examination of the defendant pursuant to section 4247(b) and (c).  18 U.S.C. § 4241(b).  For purposes of examination under section 4241 the court may commit the individual for a reasonable examination not to exceed 30 days.  18 U.S.C. § 4247(b).  The psychological examination shall be conducted in a suitable facility closest to the court.  18 U.S.C. § 4247(b).  The facility can apply for a reasonable extension not to exceed 15 days.  18 U.S.C. § 4247(b).

It has long been established that an individual who is mentally incompetent cannot be held to stand for trial.  "Failure to follow procedures adequate to protect a defendant's right not to be tried while incompetent violates the defendant's due process rights, and a conviction of a legally incompetent defendant will not stand."  40 Am. Jur. Proof of Facts 2d 171 § 1 (Originally published in 1984).  Further, "[c]ompetency of a defendant to stand trial, plead guilty, or be sentenced is jurisdictional and cannot be waived by the defendant."  Id.

2.   The Court Shall Grant Defendant's Motion

Defendant's counsel requests the Court commit Defendant to the custody of the Attorney General to hospitalize the Defendant for treatment in a suitable facility, in accordance with 18

U.S.C. § 4241(d).   (ECF No. 14 at 1.)   Defense counsel submits details concerning the interactions with Defendant in preparing for his defense.  (Id. at 2.)  Defense counsel submits that based on these interactions, Defendant is unable to understand the nature and consequences of the proceedings against him, and unable to properly assist in the defense.  (Id.)  Following the August 22, 2022 hearing, Defendant was evaluated by Dr. A.A. Howsepian on August 26, 2022, and the Court is in receipt of the Dr.'s report dated August 29, 2022.  (Id., Ex. A.)  The report was issued after Dr. Howsepian met with Defendant for approximately 2.3 hours, and reviewed documents from this case.

At the September 7, 2022 status conference, the Government indicated it did not oppose the motion.  Based on the moving papers, the report of Dr. Howsepian, and the non-opposition, the Court finds the motion is appropriately granted.  The Court finds a preponderance of the evidence demonstrates Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the consequences of the proceedings against him, or to properly assist in his defense.

### III.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 4241(d)(1), Defendant Chad Steven Duggins is to be committed to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable faciality for a reasonable period of time in order to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings in this action to move forward.

IT IS SO ORDERED.

Dated:   **September 7, 2022**

UNITED STATES MAGISTRATE JUDGE