# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAD STEVEN DUGGINS,<br><br>Defendant. | Case No. 1:22-mj-00112-SAB-1<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE HOSPITALIZATION AND TREATMENT PURSUANT TO 18 U.S.C. § 4241(d)<br><br>(ECF Nos. 18, 19) |

## I.

## BACKGROUND

On July 7, 2022, a criminal complaint was filed against Chad Steven Duggins ("Defendant") charging him with building, attending, maintaining, or using a campfire without removing all flammable material from around the campfire to prevent its escape, in violation of 36 C.F.R. § 261.5(f). (ECF No. 1.) Defendant was arrested on July 10, 2022, and made an initial appearance on July 11, 2022. (ECF Nos. 5, 6.) A detention hearing was held on July 14, 2022, and Defendant was ordered detained. (ECF No. 8.) Status conferences were held on July 26, 2022, and August 22, 2022. (ECF Nos. 12, 13.) A further status conference was set for September 7, 2022. (ECF No. 13.) On September 7, 2022, Defendant filed a motion to restore competency, that was heard at the September 7, 2022 status conference. (ECF No. 14.) On September 7, 2022, the Court granted Defendant's motion to restore competency, and ordered

1

Defendant committed to the custody of the Attorney General. (ECF No. 18.)

Currently before the Court is Defendant's unopposed motion to continue hospitalization and treatment pursuant to 18 U.S.C. § 4241(d), filed on May 19, 2023. (ECF No. 19.)

## II.

## DISCUSSION

1. Legal Standards

It has long been established that an individual who is mentally incompetent cannot be held to stand for trial. "Failure to follow procedures adequate to protect a defendant's right not to be tried while incompetent violates the defendant's due process rights, and a conviction of a legally incompetent defendant will not stand." 40 Am. Jur. Proof of Facts 2d 171 § 1 (originally published in 1984). Further, "[c]ompetency of a defendant to stand trial, plead guilty, or be sentenced is jurisdictional and cannot be waived by the defendant." Id.

The Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4248 addresses the mental competency of a defendant. Any time after commencement for prosecution of an offense and prior to sentencing, the defendant or counsel for the Government can file a motion for a hearing to determine the defendant's mental competency. 18 U.S.C. § 4241(a). The court can order on its own a competency hearing where there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to properly assist in his defense. 18 U.S.C. § 4241(a).

The statute provides that prior to the hearing, the court may order a psychological examination of the defendant pursuant to section 4247(b) and (c). 18 U.S.C. § 4241(b). For purposes of examination under section 4241 the court may commit the individual for a reasonable examination not to exceed 30 days. 18 U.S.C. § 4247(b). The psychological examination shall be conducted in a suitable facility closest to the court. 18 U.S.C. § 4247(b). The facility can apply for a reasonable extension not to exceed 15 days. 18 U.S.C. § 4247(b).

"If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). "The Attorney General shall hospitalize the defendant for treatment in a suitable facility":

> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> **(2)** for an additional reasonable period of time until—
>
>> **(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> **(B)** the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d)(1)-(2).

"When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment." 18 U.S.C. § 4241(e).

2. <u>The Facts Described in Defendant's Motion and Provided Forensic Evaluation</u>

Following the Court's September 7, 2022 order, Defendant was committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d)(1), to be hospitalized for treatment in a suitable faciality for a reasonable period of time in order to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings in this action to move forward. (Mot. 2.) Defendant was transported to the Federal

3

Medical Center (FMC) in Butner, North Carolina, and Defendant arrived at FMC Butner two months later, on November 8, 2022. (Id.) Pursuant to 18 U.S.C. § 4241(d)(1), the evaluation period for Defendant was therefore calculated to end on March 7, 2023, four months after his admission to FMC Butner. (Id.)

On March 10, 2023, FMC Butner issued its Forensic Evaluation report of Defendant, dated March 8, 2023 ("FMC Report"). (Id.; Report 1.) The Report noted improvement in Defendant's symptoms and indicated that over the course of the four-months at FMC Butner his diagnosis of schizophrenia had been modified to "[s]chizophrenia, multiple episodes, *currently in partial remission*." (Mot. 2; FMC Report 9 (emphasis added in motion).) In the Report, the evaluators explained that the language "currently in partial remission" was "added to Mr. Duggins' diagnosis because he is currently treated with medication, which has resulted in symptom improvement, and he no longer meets the full criteria for this disorder." (Mot. 2; FMC Report 10.)

In addition, the Report chronicles Defendant's history of medication at FMC Butner, which shows that Defendant's clinical improvement appears to have occurred after only a relatively short period of just partial medication. (Mot. 2.) For instance, Mr. Duggins arrived at FMC Butner on November 8, 2023. (Mot. 2-3; FMC Report 1.) However, according to the Butner Forensic Evaluation, medication appears to only have prescribed approximately one month later, on December 6, 2022. (Mot. 3; FMC Report 7.) Thereafter, Defendant's medication regimen was changed on December 29, 2022, and the Report indicates that he did not begin receiving his new medication until January 5, 2023, approximately two months after his arrival, due to an issue with the availability of the prescribed dosage. (Mot. 3; FMC Report 8.) As such, Defendant was only treated with medication for approximately three months, and only on the medication deemed appropriate for approximately two months. (Mot. 3.) Notably, after starting medication, the Report indicates that Defendant stated that "[t]hings are starting to stabilize" that he is "[f]eeling changes in [his] mind," and that he is "[b]ecoming more stable . . . secure." (Mot. 3; FMC Report 8.) FMC evaluators would also note that he "was receptive to feedback" at this time. (Mot. 3; FMC Report 9.) As a result, after only two months on

medication FMC Butner concluded that his symptoms of schizophrenia are currently in partial remission. (Mot. 3.)

Notwithstanding the improvements noted above, at the conclusion of the Forensic Evaluation report, which was authored by two "Doctoral Psychology Interns" supervised by a forensic psychologist, the evaluators indicated their belief that "there is not a reasonable probability that Mr. Duggins would be restored to competency in the foreseeable future," and requested that this Court "ma[ke] a finding that Mr. Duggins is not restorable." (Mot. 3; FMC Report 14.) Defendant submits that if this Court were to agree that there is not a substantial likelihood that Defendant could be restored to competency in the foreseeable future, Defendant would thereafter be subject to the civil commitment provisions of 18 U.S.C. §§ 4246 and 4248 in the Eastern District of North Carolina. (Mot. 3.)

Defendant's counsel submits that in order to meaningfully evaluate the FMC Butner evaluators' conclusion in the Report, counsel consulted with Lea Ann Preston Baecht, Ph.D., ABPP, a former forensic psychologist for twenty years at the United States Medical Center for Federal Prisoners (USMCFP), in Springfield, Missouri. (Mot. 3.) Dr. Baecht was asked to offer her observations regarding Defendant's course of treatment at FMC Butner and to provide her opinion as to whether, based on the information available, there is a substantial probability that Defendant could be restored to competency in the foreseeable future. (Mot. 3-4.)

On April 24, 2023, Dr. Baecht provided her Forensic Psychological Report ("Dr. Baecht Report"), which was based on the documents in the case, the previous report of Dr. Howsepian, and the Forensic Evaluation report from FMC Butner. (Mot. 4.) In her report, Dr. Baecht concludes that "the available information would suggest that Mr. Duggins is substantially likely to be restored to competency in the foreseeable future (i.e., within six to eight months) so long as he receives appropriate treatment (i.e., antipsychotic medication and psychoeducation) during this timeframe." (Mot. 4; Dr. Baecht Report 7.) Dr. Baecht bases her opinion on "the fact that Mr. Duggins reportedly demonstrated a reduction in symptoms after only two months of intermittent medication compliance" and that "there is no information to suggest the presence of negative prognostic factors such as an intellectual disability, a neurocognitive disorder, a history

of poor treatment response, or a history of long-term psychiatric hospitalizations." (Id.) Dr. Baecht's report was provided to counsel for the Government. (Mot. 4.)

### 3. The Court Shall Grant the Defendant's Motion

In light of the fact that after only two months on the prescribed medication, Defendant responded so positively that his symptoms are already in partial remission, Defendant's counsel moves the Court to continue Defendant's hospitalization for treatment for an additional four months pursuant to 18 U.S.C. § 4241(d) to assess whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings before this Court to go forward. (Mot. 4.)

The Court finds Defendant has demonstrated the unopposed motion should be granted. Specifically, the Court agrees with Defendant that it is significant after only two months on the prescribed medication Defendant responded so positively that his symptoms are already in partial remission. The Court finds it appropriate to continue Defendant's hospitalization for treatment for an additional four months pursuant to 18 U.S.C. § 4241(d).

## III.

## ORDER

Based on the information before it, the Court finds there is a substantial probability that within such additional time period, Defendant will attain the capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d)(2)(A). Accordingly, IT IS HEREBY ORDERED that the Court extends Defendant Chad Steven Duggins' hospitalization for treatment for an additional four months pursuant to 18 U.S.C. § 4241(d).

IT IS SO ORDERED.

Dated: __**May 22, 2023**__                              _____
                                                          UNITED STATES MAGISTRATE JUDGE