# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-mj-00112-SAB |
| Plaintiff, | ORDER GRANTING THE MOTION TO DISMISS |
| v. | |
| CHAD DUGGINS, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| Defendant. | (ECF No. 27) |

Currently before the Court is the United States of America's (the "Government") motion to dismiss this case without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 4246(a). Defendant Chad Duggins opposes the motion. For the reasons explained herein, the Court shall grant the Government's motion and this case shall be dismissed without prejudice.

**I.**

**BACKGROUND**

On July 7, 2022, a criminal complaint was filed against Chad Steven Duggins ("Defendant") charging him with building, attending, maintaining, or using a campfire without removing all flammable material from around the campfire to prevent its escape, in violation of 36 C.F.R. § 261.5(f). (ECF No. 1.) Defendant was arrested on July 10, 2022, and made an initial appearance on July 11, 2022. (ECF Nos. 5, 6.) A detention hearing was held on July 14,

1  2022, and Defendant was ordered detained.  (ECF No. 8.)

2  On September 7, 2022, Defendant filed a motion to restore competency, and the Court
3  ordered Defendant committed to the custody of the Attorney General.  (ECF No. 18).  Defendant
4  was transported to the Federal Medical Center (FMC) in Butner, North Carolina.  (ECF No. 21.)
5  Following an evaluation by FMC Butner, the Court granted Defendant's unopposed motion to
6  continue hospitalization and treatment pursuant to 18 U.S.C. § 4241 on May 23, 2023, finding
7  that there was a substantial probability that Defendant would be rendered competent to proceed
8  with additional treatment.  (Id.)  The Court ordered that Defendant remain at FMC Butner for
9  further treatment to restore his competency. (Id.)

10  On March 31, 2023, the United States filed a Certificate of Mental Disease or Defect and
11  Dangerousness Pursuant to 18 U.S.C. 4246(a) in the Eastern District of North Carolina and
12  initiated the civil commitment process in Case No. 5:23-hc-02068-BO (E.D.N.C. March 31,
13  2023).  (ECF No. 27 at 2.)

14  On October 16, 2023, this Court received a second forensic evaluation report, dated
15  September 15, 2024, which the Court filed under seal.  (ECF Nos. 23, 24.)  The evaluation
16  indicated that FMC Butner staff continued to believe that there is not a substantial probability
17  that Defendant would be restored to competency in the foreseeable future.  (ECF No. 40 at 5.)

18  On December 11, 2023, the Government filed the instant motion to dismiss this case
19  pursuant to Rule 48(a) and 18 U.S.C. § 4246(a).  (ECF No. 27.)  The Government proffers that
20  Defendant has now served in excess of the statutory maximum of the underlying offense in this
21  District.  (Id. at 2.)  For that reason and based on the evidence in the record in this case, the
22  Government moves to dismiss this case solely for reasons related to the mental condition of the
23  person.  (Id.)  According to the Government, the case will then be handled, pursuant to 18 U.S.C.
24  § 4246, in the case pending in the Eastern District of North Carolina.  (Id.)

25  On March 1, 2024, Defendant filed an opposition to the Government's motion.  (ECF No.
26  40.)  Defendant argues that dismissal at this stage would be contrary to the manifest public
27  interest and to the fair administration of justice.  (Id. at 2.)  Defendant challenges the second
28  Butner Forensic Evaluation's conclusion that he is not competent to proceed.  (Id. at 8.)  Rather,

Defendant contends his responses clearly demonstrate that he has attained the ability to understand the nature and consequences of the proceedings against him, and to properly assist in his defense. (Id. at 8.) Defendant therefore requests that this Court deny the motion and hold a hearing as soon as practicable to determine Defendant's competency. (Id.)

On March 15, 2024, the Court held a hearing on the Government's motion to dismiss. (ECF No. 41.) Jeffrey Spivak appeared on behalf of the Government. Reed Grantham appeared on behalf of the Defendant. Defendant was present. The Court took the matter under submission.

## II.

## LEGAL STANDARDS

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, *with leave of court*, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48 (emphasis added). "The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." Rinaldi v. United States, 434 U.S. 22, 29 n. 15 (1977).

"Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative." United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995). The decision to dismiss "implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request." (Id.) However, Rule 48(a) "does not confer unfettered discretion upon courts to resist motions to dismiss"; rather, it has "a procedural component that allows inquiry into the circumstances surrounding a dismissal in a manner that does not sufficiently intrude upon the prosecutorial domain to be viewed as a substantive rule." In re Richards, 213 F.3d 773, 777 (3d Cir. 2000). When a defendant opposes a Rule 48(a) motion, a court may exercise its discretion to protect the defendant. See Gonzalez, 58 F.3d at 461.

## III.

## DISCUSSION

This Court's discretion to refuse to prevent the Government from exercising its own discretionary decision to dismiss an action is limited. The Court does not find circumstances present in this case warrant the Court's limited exercise of discretion to deny the Government's motion.

Defendant argues that dismissing the case solely for reasons related to his mental condition without first determining whether he has attained competency is contrary to the public interest and to the fair administration of justice. (ECF No. 40 at 7.) Defendant cautions that by granting the government's motion to dismiss and failing to assess his competency in light of his own argument and evidence that supports he has attained competency, this Court would be abdicating its statutory role under 18 U.S.C. § 4241 to ultimately determine competency. (Id.) Defendant argues this would allow the government to circumvent this Court, so that the government may move forward against Defendant in civil commitment proceedings in the Eastern District of North Carolina, ultimately denying Defendant the right to defend against the criminal charges the government brought against him, and instead place him in proceedings that could now subject him to indefinite civil commitment. (Id.)

Further, in reviewing the proffered circumstances surrounding the dismissal—Defendant has served in excess of the statutory maximum of the underlying offense and for reasons related to his medical condition (ECF No. 27 at 2)—the Court does not find the ultimate effect of the dismissal of charges against Defendant would be "clearly contrary to manifest public interest." Gonzalez, 58 F.3d at 462.

The Court notes Defendant, not the Government, has made the requests for commitment and continued commitment. (See 14, 21.) The Court finds no basis to exercise its discretion to deny the motion to protect Defendant against prosecutorial harassment. Further, at the hearing held in this matter, the Government stated it did not intend at that time to recharge the Defendant, which obviates the concern that the Government seeks to dismiss the case for purposes of multiple prosecutions. Defendant has not proffered any additional factors that

4

support that this Court deny the Government's motion and the Court finds no additional basis for exercising its discretion to deny the Government's motion.

### IV.
### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Government's motion to dismiss without prejudice is GRANTED;
2. This action is DISMISSED without prejudice.
3. The Writ of Habeas Corpus Ad Prosequendum is discharged, and Defendant is ordered to be transferred back to FMC Butner for civil commitment proceedings.

IT IS SO ORDERED.

Dated:   **March 22, 2024**

UNITED STATES MAGISTRATE JUDGE